IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WESLEY WILLIAMS, JUAN D. THORNTON,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>JEANNIE S. WOODFORD, et al.,<br><br>　　　　Defendants.<br>_____/ | 1:06-CV-01535-AWI-DLB-P<br><br>ORDER SEVERING PLAINTIFFS' CLAIMS, AND DIRECTING CLERK OF COURT TO OPEN A NEW ACTION FOR PLAINTIFF THORNTON<br><br>(Doc. 1) |

I.   <u>Severance of Plaintiffs' Claims</u>

　　　Plaintiffs John Wesley Williams and Juan D. Thornton are state prisoners proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. After reviewing the record in this action, the court has determined that each plaintiff should proceed separately on his own claims. Rule 21 of the Federal Rules of Civil Procedure provides that "parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just," and "any claim against a party may be severed and proceeded with separately." Courts have broad discretion regarding severance. See <u>Davis v. Mason County</u>, 927 F.2d 1473, 1479 (9th Cir. 1991).

　　　In the instant action, both plaintiffs are in the custody of the California Department of Corrections. In this court's experience, an action brought by multiple plaintiffs proceeding pro se in which one or more of the plaintiffs is incarcerated presents procedural problems that cause delay and confusion. Delay often arises from the frequent transfer of inmates to other facilities or institutions, the

changes in address that occur when inmates are released on parole, and the difficulties faced by inmates who attempt to communicate with each other and other unincarcerated individuals. In this case, the need for the plaintiffs to agree on all filings made in this action and the need for all filings to contain the original signatures of both plaintiffs will lead to delay and confusion.

Accordingly, the court shall order plaintiffs' claims severed. Plaintiff Williams will proceed in this action, while plaintiff Thornton will proceed in a separate civil action to be opened by the Clerk of the Court. Each plaintiff shall proceed separately and shall be solely responsible for his own action.

The Clerk of the Court will be directed to assign the new action to the same district judge and magistrate judge assigned to the instant action. The Clerk of the Court shall make appropriate adjustment in the assignment of civil cases to compensate for this reassignment.

Since the claims of plaintiff Thornton will be severed, plaintiff Thornton shall be given thirty days to file, in his own action, an amended complaint and a completed application for leave to proceed in forma pauperis, using the forms provided by the court with this order.

II.     <u>Plaintiff Williams' Application to Proceed In Forma Pauperis</u>

Plaintiff Williams has filed an application to proceed in forma pauperis correctly filled out and signed by a prison official. In addition, the form was accompanied by a certified copy of plaintiff Williams' prison trust account statement for the six month period immediately preceding the filing of the complaint.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff Williams shall proceed as the sole plaintiff in case number 1:06-CV-01535-AWI-DLB-P;
2. The claims of plaintiff Thornton are severed from the claims of plaintiff Williams;
3. The Clerk of the Court is directed to:
    a. Open a separate civil action for plaintiff Thornton;
    b. Assign the new action to the district judge and magistrate judge to whom the instant case is assigned and make appropriate adjustment in the assignment of civil cases to compensate for such assignment;
    c. File and docket a copy of this order in the new action opened for plaintiff

Thornton;

    d.    Place a copy of the complaint filed on December 15, 2005 in the instant action in the new action opened for plaintiff Thornton;

    e.    Send plaintiff Thornton an endorsed copy of the complaint, filed December 15, 2005, bearing the case number assigned to his own individual action;

    f.    Send plaintiff Thornton a civil rights complaint form; and

    g.    Send plaintiff Thornton an application to proceed in forma pauperis by a prisoner;

4.    Within **thirty (30) days** from the date of service of this order, plaintiff Thornton shall file an amended complaint bearing his new case number and either pay the filing fee in full or submit a completed application to proceed in forma pauperis bearing his new case number; and

5.    The failure to comply with this order will result in a recommendation that the action be dismissed.

IT IS SO ORDERED.

Dated:    **November 30, 2006**        /s/ **Dennis L. Beck**
3c0hj8                                                UNITED STATES MAGISTRATE JUDGE