1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

10  JOHN WESLEY WILLIAMS,                    CASE NO. 1:06-cv-1535-AWI-DLB PC

11                        Plaintiff,         ORDER DISREGARDING MOTION FOR
                                             LEAVE TO AMEND AS UNNECESSARY
12        v.
                                             (Doc. 22)
13  WOODFORD, et al.,
                                             FINDINGS AND RECOMMENDATIONS
14                        Defendants.        FOLLOWING SCREENING OF AMENDED
                                             COMPLAINT
15  _____/

16

17  **I.      Findings and Recommendations Following Screening of Amended Complaint**

18  **A.      Background**

19          Plaintiff John Wesley Williams ("Plaintiff") is a state prisoner proceeding pro se and in

20  forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff originally filed this

21  action with his cellmate.  On December 1, 2006, the court severed the claims and ordered the clerk

22  to open a new case for plaintiff's cellmate. That case was subsequently dismissed for failure to

23  prosecute.

24          On February 1, 2008, this Court dismissed plaintiff's complaint with leave to file an amended

25  complaint.  (Doc. 16).  After obtaining an extension of time, plaintiff filed a motion for leave to file

26  an amended complaint, along with his amended complaint on April 21, 2008. (Doc. 22).

27  **B.      Order Disregarding Motion for Leave**

28          Plaintiff was previously granted leave to file an amended complaint.  Accordingly, he is not

1   required to file a motion seeking leave.  Plaintiff's motion is therefore DISREGARDED.  The Court

2   shall now screen plaintiff's amended complaint, filed April 21, 2008.

3   **C.   Screening Requirement**

4          The court is required to screen complaints brought by prisoners seeking relief against a

5   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

6   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

7   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

8   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

9   "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

10  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

11  claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

12         "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

13  exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534 U.S.

14  506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and

15  plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a).

16  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the

17  grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  A court may dismiss a complaint only

18  if it is clear that no relief could be granted under any set of facts that could be proved consistent with

19  the allegations.  Id. at 514.  "'The issue is not whether a plaintiff will ultimately prevail but whether

20  the claimant is entitled to offer evidence to support the claims.  Indeed it may appear on the face of

21  the pleadings that a recovery is very remote and unlikely but that is not the test.'"  Jackson v. Carey,

22  353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also

23  Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the

24  opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir.

25  2001))).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."

26  Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights

27  complaint may not supply essential elements of the claim that were not initially pled."  Bruns v. Nat'l

28  Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d

1    266, 268 (9th Cir. 1982)).

2

3    **D.    Summary of Plaintiff's Amended Complaint**

4           Plaintiff is presently incarcerated at California State Prison, Los Angeles County.  The events

5    giving rise to this action occurred at North Kern State Prison.  Plaintiff names Warden Lee Ann

6    Chrones, Nola Grannis, M. Junious, K. Baker, C. Lugo, S. Smith, Becerra, Guiterrez, T.Vasquez,

7    Perez/Marsh, W. Back, T. Tatum, Snodgrass and M. Wanderer as defendants.  Plaintiff seeks

8    preliminary injunctive relief, declaratory relief, and money damages. Plaintiff alleges a violation of

9    the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution,

10   the Rehabilitation Act, and the Americans with Disabilities Act.

11          Plaintiff's amended complaint consists of a chronological rendition of facts -- beginning in

12   April 2004 and concluding in August 2005 -- without delineating which facts he feels show

13   violations of which of his constitutional rights.  It is Plaintiff's duty to correlate his claims for relief

14   with their alleged factual basis.  The Court will not guess as to which facts Plaintiff believes show

15   any given constitutional violation(s).

16          Further, it appears that many of the allegations in Plaintiff's amended complaint concern

17   unrelated incidents involving different defendants.  For example, Plaintiff's amended complaint

18   begins with an allegation of malicious prosecution involving defendants Perez/Marsh, Smith,

19   Chrones, Junious and Baker over an incident occurring on May 20, 2004 (Doc. 22, ¶¶20-25).

20   Plaintiff's amended complaint later discusses an incident on September 24, 2004 involving

21   defendant Tatum and a denial of religious services (Id., ¶39); allegations concerning mail tampering

22   and retaliation in July and August 2004 by defendant Vasquez (Id., ¶25-35); and allegations that

23   defendants Becerra, Guiterrez and Tatum conspired with defendant Wanderer to have Plaintiff barred

24   from the Enhanced Out-Patient Program in retaliation for Plaintiff's grievance activities.(Id.,  ¶45-

25   46).

26          Rule 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party

27   claim may join, as independent or alternative claims, as many claims as it has against an opposing

28   party".  F.R.C.P. 18(a). However, "multiple claims against a single party are fine, but Claim A

against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated

claims against different defendants belong in different suits, not only to prevent the sort of morass

[a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the

required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or

appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)."

George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Upon cursory review of Plaintiff's amended complaint, it appears that Plaintiff states a

cognizable claim regarding his allegations of mail tampering and retaliation.  Plaintiff alleges that

on July 2, 2004, he filed an inmate grievance concerning defendant Vasquez's favoritism towards

Hispanic inmates.  Plaintiff alleges that defendant Vasquez subsequently retaliated against plaintiff

by conducting a search of plaintiff's cell and issuing Plaintiff a CDC-128A chrono for possessing

alcohol and making threats.  Plaintiff states that he filed another inmate appeal against defendant

Vasquez on July 31, 2004.  Plaintiff states that defendant Vasquez then tampered with plaintiff's

mail in retaliation, and re-routed his mail to Pleasant Valley State Prison while he was incarcerated

at North Kern State Prison.  Plaintiff states that he wrote to defendant Chrones complaining of

defendant Vasquez's conduct, but defendant Chrones did nothing to ensure plaintiff's rights.

Plaintiff's remaining claims are unrelated to his mail tampering and retaliation claims

discussed above, and therefore is in violation of Rule 18(a).  The Court shall recommend that the

remaining claims be dismissed without prejudice.

### i)    Retaliation Claim

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition

the government may support a section 1983 claim.  Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.

1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65

F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First Amendment

retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action

against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled

the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance

a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

1    Plaintiff states a cognizable claim against defendant Vasquez for retaliation.

2    ///

3           **ii)     Mail Claim**

4    Plaintiff states that from late July 2004 to August 2004, defendant Vasquez interfered with

5    plaintiff's mail, so that plaintiff stop receiving all incoming mail. Prisoners have "a First Amendment

6    right to send and receive mail." Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995). However,

7    isolated incidents of mail interference or tampering will not support a claim under section 1983 for

8    violation of plaintiff's constitutional rights. See Davis v. Goord, 320 F.3d 346, 351 (2d. Cir. 2003);

9    Gardner v. Howard, 109 F.3d 427, 431 (8th Cir. 1997); Smith v. Maschner, 899 F.2d 940, 944 (10th

10   Cir. 1990).

11    Plaintiff states a cognizable claim against defendant Vasquez for violation of the First

12   Amendment.

13          **iii)    Supervisory Liability**

14   Plaintiff states that he wrote to defendant Chrones on August 2, 2004.  Plaintiff alleges that

15   defendant Chrones "did nothing to ensure Plaintiff's rights for protected conduct" (Doc. 22, ¶30).

16   Under section 1983, liability may not be imposed on supervisory personnel for the actions of their

17   employees under a theory of respondeat superior.  When the named defendant holds a supervisorial

18   position, the causal link between the defendant and the claimed constitutional violation must be

19   specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld,

20   589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To state a claim for relief

21   under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the

22   defendant either: personally participated in the alleged deprivation of constitutional rights; knew of

23   the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient

24   that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the

25   constitutional violation.'"  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations

26   omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

27   Plaintiff's acknowledges that defendant Chrones assigned a Captain to investigate Plaintiff's

28   claims. However, Plaintiff alleges that "Defendant Chrones allowed subordinates to conduct the

                                                5

1   investigations pursued to intentionally avoid finding misconduct on the part of Defendant Vasquez,

2   and this was done by refusing to interview witnesses and acting with the specific intent to committ

3   peace officer perjury in the preparing of false documents on behalf of Defendant Chrones". (Doc.

4   22, ¶34). Plaintiff directs the Court to exhibit D of his amended complaint.

5       Exhibit D includes the second level response to Plaintiff's inmate appeal concerning

6   defendant Vasquez, which was denied by defendant Chrones. (Doc. 22, p.62). Exhibit D also

7   includes a letter dated October 18, 2004, apparently drafted by defendant Chrones to Mrs. Flora Lee,

8   whom Plaintiff identifies as his sister. (Id., pp.70-71). The letter indicates that defendant Chrones

9   had assigned a supervisor to oversee Plaintiff's difficulty in receiving his mail, and also his

10  allegations of mail tampering.

11      Upon review of Plaintiff's amended complaint and supporting exhibits, Plaintiff fails to state

12  a cognizable claim against defendant Chrones based on supervisory liability. Plaintiff has not

13  sufficiently alleged that defendant personally participated in the alleged deprivation, knew of the

14  violations and failed to act to prevent them, or promulgated a policy so deficient it is itself a

15  repudiation of Plaintiff's constitutional rights.  The Court notes that Plaintiff was previously

16  provided with the legal standard for stating a cognizable claim based upon supervisory liability.

17  (Doc. 16).

18              **iv)    Inmate Appeals Process**

19      Plaintiff alleges that defendant Grannis reviewed all of Plaintiff's appeals but failed to

20  properly perform his/her duties in order to protect defendant Chrones.

21      To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under

22  color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal

23  law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  "[A prison] grievance

24  procedure is a procedural right only, it does not confer any substantive right upon the inmates."

25  Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8,

26  10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty

27  interest in processing of appeals because no entitlement to a specific grievance procedure); Massey

28  v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty

1   interest on prisoner); <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir. 1988).  Actions in reviewing

2   prisoner's administrative appeal cannot serve as the basis for liability under a section 1983 action.

3   <u>Buckley</u>, 997 F.2d at 495.   Plaintiff claim against defendant Grannis fails as a matter of law.

4   **II.      Conclusion**

5          Plaintiff's original complaint was dismissed by order issued February 1, 2008, with leave to

6   amend.  In the order, the Court provided Plaintiff with the legal standards that appeared applicable

7   to his claims.

8          Plaintiff's amended complaint states a claim under the First Amendment against defendant

9   Vasquez.  However, the remainder of Plaintiff's claims are unrelated to Plaintiff's cognizable claim

10  against defendant Vasquez, and therefore Plaintiff must pursue those claims in separate actions.

11  F.R.C.P.  18(a).  Further leave to amend is not warranted since the claims to be dismissed are

12  unrelated to the cognizable claim against defendant Vasquez identified by the Court, and Plaintiff

13  would not be able to cure this deficiency by further amendment. <u>Noll v. Carlson</u>, 809 F.2d 1446,

14  1448-49 (9th Cir. 1987).

15         The Court HEREBY ORDERS as follows:

16  1.      Plaintiff's motion to amend the complaint, filed April 21, 2008 is DISREGARDED

17          as unnecessary; and

18  2.      The Clerk of the Court is directed to correct the court docket so that Court Document

19          #22 captions both Plaintiff's Motion to Amend his Complaint, as well as his

20          Amended Complaint.

21         Further, the Court HEREBY RECOMMENDS as follows:

22  1.      This action shall proceed against defendant Vasquez for violation of the First

23          Amendment; and

24  2.      The remaining claims be dismissed, without prejudice, for violation of Rule 18(a).

25         These Findings and Recommendations will be submitted to the United States District Judge

26  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30)

27  days after being served with these Findings and Recommendations, plaintiff may file written

28  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


    IT IS SO ORDERED.

    **Dated:    January 20, 2009**              _____/s/ **Dennis L. Beck**_____
                                                UNITED STATES MAGISTRATE JUDGE