# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WESLEY WILLIAMS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JEANNE WODDFORD, et al.,<br><br>　　　　　Defendants.<br>_____/ | Case No. 1:06-cv-01535-DLB (PC)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED IN PART AND DISMISSING CERTAIN CLAIMS<br><br>(Doc. 45) |

**I.   ORDER**

　　**A.   Procedural History**

　　Plaintiff John Wesley Williams ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's first amended complaint, filed on April 21, 2008, against Defendant T. Vasquez ("Defendant") for mail tampering and retaliation in violation of the First Amendment.[1] (Doc. 22.) On August 10, 2009, Defendant filed a motion to dismiss for failure to state a claim upon which relief may be granted for certain claims. (Doc. 45, Def.'s Mot. To Dismiss.) On September 4, 2009, Plaintiff filed his opposition to the motion. (Doc. 47, Pl.'s Opp'n to Def.'s Mot. To

---

[1] Plaintiff's claims against defendants Grannis and Chrones were dismissed for failure to state a claim upon which relief may be granted, and Plaintiff's other claims were dismissed without prejudice for non-compliance with Federal Rule of Civil Procedure 18(a). (Doc. 23.)
　All parties consented to magistrate judge jurisdiction, and the action was reassigned to the undersigned in its entirety. (Docs. 9, 41, 42.)
　Plaintiff was advised of the requirements for opposing a motion to dismiss on February 17, 2009. (Doc. 27.)

Dismiss.) On September 16, 2009, Defendant filed his reply. (Doc. 48, Def.'s Reply.) The matter is deemed submitted pursuant to Local Rule 78-230(m).

### B.   Summary of Plaintiff's Amended Complaint

Plaintiff alleges that on July 2, 2004, Plaintiff filed an inmate grievance against Defendant's favoritism towards Hispanic inmates. Plaintiff alleges that Defendant subsequently retaliated against Plaintiff by conducting a search of Plaintiff's cell and issuing Plaintiff a CDC 128A chrono for possessing alcohol and making threats. Plaintiff alleges that Defendant filed a false Rules Violation Report ("RVR") against Plaintiff. Plaintiffs alleges that he then filed another inmate appeal against Defendant on July 31, 2004. Plaintiff alleges that Defendant Vasquez then tampered with Plaintiff's mail in retaliation, and re-routed his mail to Pleasant Valley State Prison while he was incarcerated at North Kern State Prison.

### C.   Failure To State A Claim Upon Which Relief May Be Granted

#### *1.   Legal Standard*

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint." Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). In considering a motion to dismiss for failure to state a claim, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969). The federal system is one of notice pleading. Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126 (2002). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which apply to § 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002), overruled in part on other grounds by Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007); see Fed. R. Civ. P. 8(a).

Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. Detailed factual allegations are not required, but

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 555). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id. at 1949.

Discovery and summary judgment motions - not motions to dismiss - "define disputed facts" and "dispose of unmeritorious claims." Swierkiewicz, 534 U.S. at 512. "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))).

### 2. *Discussion*

#### A. Retaliatory Rules Violation Report ("RVR")

Defendant contends that Plaintiff's retaliatory RVR claim must be barred pursuant to Heck v. Humphrey, 512 U.S. 477 (1994). (Mot. To Dismiss 5:5-6:11.)[2] Defendant contends that Plaintiff's challenge that the RVR was false and retaliatory necessarily implies the invalidity of the

---

[2] Defendant seeks judicial notice of the RVR in question, RVR log no. KVSP A-09-07-0082, as well as Plaintiff's chronological history. (Doc. 45-3, Request For Judicial Notice; Doc. 45-4, Decl. Of C. Carson; Doc. 45-5, Exh. A, RVR log no. KVSP A-09-07-0082; Exh. B, Pl.'s Chronological History.) "Where a document is integral to the plaintiff's claims and its authenticity is not disputed, the plaintiff obviously is on notice of the contents of the documents and the need for a chance to refute the evidence is greatly diminished." Parrino v. FHP, Inc., 146 F.3d 699, 706 n.4 (9th Cir. 1998) (internal quotations and citation omitted), superseded in part on other grounds by statute, Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, as recognized in Abrego v. Dow Chem. Co., 443 F.3d 676 (9th Cir. 2006) (per curiam). Plaintiff referenced and incorporated the RVR in his first amended complaint. The motion to dismiss is thus not converted to a motion for summary judgment.

Furthermore, the Court may take judicial notice of matters of public record and papers filed with the court without converting a motion to dismiss into a motion for summary judgment. See Mack v. S. Bay Beer Dist., 798 F.2d 1279, 1282 (9th Cir. 1986) (allowing judicial notice for records and reports of administrative bodies and for facts outside pleadings), overruled in part on other grounds by Astoria Federal Sav. and Loan Ass'n v. Solimino, 501 U.S. 104 (1991). Defendant submits the declaration of C. Carson, the litigation coordinator at California State Prison, Los Angeles County, who declares that the exhibits submitted are true and correct copies. (Decl. Of C. Carson ¶¶ 1-5.) Defendant has sufficiently furnished evidence demonstrating that RVR log no. KVSP A-09-07-0082 and Plaintiff's chronological history are accurate records. Accordingly, Defendant's request for judicial notice is granted.

3

1  loss of good time credits resulting from the prison disciplinary action. A prisoner plaintiff cannot
2  proceed on a claim where success would necessarily imply the invalidity of the length of a
3  prisoner's sentence, until the prisoner obtains a favorable termination of a state or federal habeas
4  challenge to his sentence.   Heck, 512 U.S. at 487. The United States Supreme Court has
5  applied this "favorable termination" requirement to the context of prison disciplinary hearing
6  where good-time credits are affected. Edwards v. Balisok, 520 U.S. 641, 648 (1997). As seen in
7  both RVR log no. KVSP-A-09-07-0082 and Plaintiff's chronological history, Plaintiff suffered a
8  loss of 120 days of good-time credits for the RVR. (Doc. 45-4, Decl. Of C. Carson ¶¶ 4-5; Doc.
9  45-5, Exh. A, RVR log no. KVSP-A-09-07-0082; Exh. B, Pl.'s Chronological History.)  Plaintiff
10 does not contest Defendant's argument.

11   Having reviewed the evidence submitted and construing the pleadings in light most
12 favorable to Plaintiff, Plaintiff's claim that the RVR was retaliatory is barred under Heck. If
13 Plaintiff were to prevail in his § 1983 claim for the retaliatory RVR, Plaintiff's success would
14 necessarily imply that the loss of good-time credits was invalid.  Heck imposes the favorable
15 termination requirement, which requires Plaintiff to obtain a favorable termination ruling via a
16 habeas challenge prior to bringing a § 1983 action. Accordingly, Plaintiff fails to state a claim for
17 the retaliatory RVR.

18     **B.     Verbal Harassment**

19   Defendant contends that Plaintiff's that Defendant retaliated against him by (1) claiming
20 that Plaintiff had threatened him and (2) advising him to hide his legal property because he was
21 going to put it up [Plaintiff's] ass" fail to state a claim. (Mot. To Dismiss 6:12-22.) Defendant
22 contends that verbal harassment or abuse is not sufficient to state a constitutional deprivation, and
23 that verbal threats cannot form the basis of a retaliation claim. (Mot. To Dismiss 6:12-22.)
24 Plaintiff does not contest Defendant's argument.

25   Construing the pleadings in light most favorable to Plaintiff, Plaintiff's claims for verbal
26 harassment fail to state a cognizable claim. Mere verbal harassment or threat is not sufficient to
27 state a § 1983 claim. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (internal
28 citations omitted). Mere verbal threats are not sufficient to form the basis of a retaliation claim.

Nunez v. City of Los Angeles, 147 F.3d 867, 875 (9th Cir. 1998); Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987). Accordingly, Plaintiff fails to state a cognizable claim for verbal harassment.

### C. False Accusations and False Administrative Chrono

Defendant contends that Plaintiff's allegations that Defendant (1) fabricated Plaintiff's threats against Defendant, (2) prepared and filed a false administrative chrono, and (3) filed a false RVR fail to state a claim. (Mot. To Dismiss 6:23-7:9.) Defendant contends that Plaintiff has no constitutionally guaranteed right to avoid false accusations. (Mot. To Dismiss 6:23-7:9.) Plaintiff again does not contest Defendant's arguments.

Defendant's contention that a false RVR fails to state a claim is not accurate. See Hines v. Gomez, 108 F.3d 265, 267 (9th Cir. 1997) (finding that prison officer filing false disciplinary action against inmate in retaliation for inmate's use of grievance system is sufficient adverse action for retaliation claim). However, Plaintiff's retaliatory RVR claim remains barred under Heck.

As to Defendant's other claims, the filing of false charges is not, per se, a violation of a constitutionally protected right. Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986), cert. denied, 485 U.S. 982 (1988). Furthermore, the alleged filing of the false administrative chrono fails to state a claim because it is not a sufficient adverse action for a retaliation claim because the chrono was merely informational. See Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005) (comparing Ninth Circuit case law regarding sufficient grounds for cognizable retaliation claim). The alleged fabrication of threats is also not a sufficient adverse action for a retaliation claim. See id.

Accordingly, Plaintiff's claims that Defendant fabricated Plaintiff's threats against Plaintiff and filed a false administrative chrono fail to state a claim.

### D. Qualified Immunity

Defendant also contends that he is entitled to qualified immunity. (Mot. To Dismiss 7:10-8:14.) Because the Court dismisses certain claims on other grounds, the Court declines to consider Defendant's arguments regarding qualified immunity.

## II. CONCLUSION AND ORDER

Based on the foregoing, the Court HEREBY ORDERS the following:

5

1)     Defendant's motion to dismiss for failure to state a claim regarding certain claims is GRANTED in part;

2)     Plaintiff's claim for retaliatory rules violation report is DISMISSED as barred pursuant to <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994);

3)     Plaintiff's claims for verbal harassment, fabricated threats, and false administrative chrono are DISMISSED for failure to state a claim upon which relief may be granted;

4)     This action proceed on Plaintiff's remaining claims of mail tampering and retaliatory cell search in violation of the First Amendment against Defendant T. Vasquez; and

5)     Defendant shall file an answer to Plaintiff's first amended complaint within twenty (20) days.

IT IS SO ORDERED.

**Dated:**    **November 13, 2009**                     **/s/ Dennis L. Beck**
                                                                      UNITED STATES MAGISTRATE JUDGE