# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WESLEY WILLIAMS, | Case No. 1:06-cv-01535-DLB (PC) |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION |
| v. | (Docs. 43, 50) |
| JEANNE WOODFORD, et al., | |
| Defendants. | |
| _____ / | |

**I.  Order**

    **A.  Procedural History**

Plaintiff John Wesley Williams ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. This action is proceeding on Plaintiff's first amended complaint, filed on April 21, 2008, against Defendant T. Vasquez ("Defendant") for violation of the First Amendment.

Plaintiff had attempted to file a joint complaint with another plaintiff. (Doc. 1.) On December 1, 2006, the Court ordered the severance of the two plaintiffs' claims, ordering the other plaintiff to file a separate action. (Doc. 11.) On February 1, 2008, the Court dismissed Plaintiff's complaint, with leave to file a first amended complaint within thirty days. (Doc. 16.) On April 21, 2008, Plaintiff filed a motion to amend and a first amended complaint. (Doc. 22.) On January 20, 2009, the Court screened the first amended complaint and found service

1

appropriate on Defendant Vasquez, and dismissing Plaintiff's other claims. (Doc. 23.) On May 5, 2009, Plaintiff filed a motion to amend his complaint, after Defendant had appeared in this action. (Doc. 35.) On July 20, 2009, the Court denied Plaintiff's motion to amend his complaint on the grounds that Plaintiff had amended once and provided no good cause for further amendment. (Doc. 40.) On August 3, 2009, Plaintiff filed a motion for reconsideration of the undersigned's order, requesting review by a district judge. (Doc. 43.)[1]

Both parties consented to magistrate judge jurisdiction in this proceeding. (Docs. 9, 41, 42.) Pursuant to 28 U.S.C. § 636(c) and the Local Rules, Plaintiff's motion for reconsideration properly appears before the undersigned. See 28 U.S.C. § 636(c) ("Upon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceeding in a jury or nonjury civil matter and order the entry of judgment in the case . . . ."); Fed. R. Civ. P. 73; see also L. R. 301 (stating that upon parties' consent, Local Rules 303 and 304 are inapplicable).[2] Plaintiff's references to his motion being brought pursuant to Rule 72(a) of the Federal Rules of Civil Procedure and former Local Rule 72-303(c) (now Local Rule 303(c)) are incorrect. With these considerations, the Court reviews Plaintiff's motion.

## B. Legal Standard

Federal Rule of Civil Procedure 60(b) governs relief from final orders of the district court. The Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud . . . by an opposing party, . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time. Id.

Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotation marks and citation omitted). The

---

[1] On November 30, 2009, Plaintiff filed a request for ruling and entry of judgment on his motion for reconsideration. (Doc. 50.) Because his motion for reconsideration is resolved by this order, Plaintiff's November 30, 2009 motion is HEREBY disregarded as moot.

[2] The Local Rules of the Eastern District of California were updated and renumbered on December 1, 2009.

moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). Local Rule 230(j) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marilyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citation omitted) (emphasis in original).

### C. Discussion

Plaintiff contends that there is a contradiction between the Court's January 20, 2009 order, which screened Plaintiff's first amended complaint, and the July 20, 2009 order, which denied Plaintiff's request for leave to file a second amended complaint. (Doc. 43, Pl.'s Mot. For Reconsideration 5.) Plaintiff appears to contend that because Plaintiff can amend once as a matter of course, pursuant to Federal Rule of Civil Procedure 15(a), Plaintiff should be granted further leave to amend. However, further requests for leave to amend can be done only with the opposing parties' consent or the court's leave. Fed. R. Civ. P. 15(a)(2). Plaintiff presented no good cause in his motion to file a second amended complaint as to why leave to amend should be granted after Defendant was served with the complaint. Plaintiff cites Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc), to contend that leave should have been granted if it appears at all possible that the plaintiff can correct the defect. However, that case concerned dismissal of a plaintiff's action without opportunity to amend. Here, Plaintiff had the opportunity to amend and did so. Plaintiff had also been provided with the legal standards that govern his claims. Lopez is thus not dispositive or persuasive in this instance.

Plaintiff also contends that he cured the defects which violated Federal Rule of Civil Procedure 18(a) by separating the proposed second amended complaint into six different claims

3

for relief. (Pl.'s Mot. For Reconsideration 4.) However, this does not cure the deficiencies in Plaintiff's first amended complaint. Plaintiff's claims of mail tampering and retaliation against Defendant Vasquez were unrelated to Plaintiff's other claims against the other defendants.[3] Separating his claims does not resolve this issue.

Plaintiff also contends that the Court erred in finding that Plaintiff was re-alleging claims that had previously been dismissed. (Pl.'s Mot. For Reconsideration 7.) Plaintiff contends that because the other claims were dismissed without prejudice, it is error for the Court to find that Plaintiff is re-alleging dismissed claims. Plaintiff appears to misunderstand the purpose of the dismissal without prejudice. The reason for the dismissal pursuant to Rule 18(a) is to avoid the morass of multiple defendants and multiple unrelated claims in one action. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Dismissal without prejudice in this situation meant that Plaintiff could re-allege those dismissed claims in a *separate lawsuit*. The Court issued no other ruling on those other claims.

Accordingly, to allow Plaintiff to file a second amended complaint at this time would not be in the interest of justice.

**II.   Conclusion**

Plaintiff has presented insufficient grounds for reconsideration of the Court's July 20, 2009 order. Based on the foregoing, the Court HEREBY ORDERS that Plaintiff's motion for reconsideration, filed on August 3, 2009, is DENIED.

IT IS SO ORDERED.

Dated:   **December 1, 2009**          /s/ Dennis L. Beck
                                                            UNITED STATES MAGISTRATE JUDGE

---

[3] Plaintiff's claims against defendants Chrones and Grannis regarding the mail tampering and retaliation were dismissed for failure to state a claim. (Doc. 23, Findings and Recommendations 5:14-7:3.)

4