# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WESLEY WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>JEANNE WOODFORD, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:06-cv-01535-SKO PC<br><br>ORDER PARTIALLY GRANTING AND PARTIALLY DENYING PLAINTIFF'S MOTIONS TO COMPEL<br><br>(Docs. 54, 55) |

Plaintiff John Wesley Williams ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On February 22, 2010, Plaintiff filed two motions to compel discovery responses from Defendant Vasquez. (Docs. #54, 55.) Plaintiff's first motion is titled "Notice and Motion to Compel Discovery and Sanctions for the Failure to Comply with Federal Rules of Civil Procedure; Memorandum of Points and Authorities in Support Thereof" ("Motion to Compel Discovery"). Plaintiff's second motion is titled "Notice and Motion to Compel Response to Request for Production of Documents and Sanctions for Failure to Comply with Federal Rules of Civil Procedure; Memorandum of Points and Authorities in Support Thereof" ("Motion to Compel Production of Documents"). Defendants filed oppositions to Plaintiff's motions on March 12, 2010. (Docs. 56, 57.) Plaintiff filed a reply to Defendants' oppositions on April 14, 2010. (Doc. 59.)

    **A.**    <u>**Plaintiff's Motion to Compel Discovery**</u>

Plaintiff's Motion to Compel Discovery requests that the Court order Defendant Vasquez to provide complete and full responses to interrogatories 3, 5, 6, 7, and 10 from Plaintiff's First Set of

1  Interrogatories. Plaintiff complains that Defendant's responses are evasive and incomplete. Plaintiff
2  further complains that Defendant Vasquez did not exercise due diligence in answering Plaintiff's
3  interrogatories by claiming "ignorance to information which is clearly from sources within his
4  control." (Notice and Mot. to Compel Discovery and Sanctions for the Failure to Comply with
5  Federal Rules of Civil Procedure; Mem. of P. & A. in Supp. Thereof at 4:23-24.)

6        Plaintiff is advised that he bears the burden of informing the Court of the basis for his motion
7  to compel. It is not sufficient to offer a general argument that Defendant's responses were evasive
8  and incomplete without elaborating on how each response was evasive or incomplete. Plaintiff must
9  address each interrogatory individually and demonstrate why Defendant's objections are unjustified.
10 Plaintiff must demonstrate, for each interrogatory, how Defendant's response was evasive or
11 incomplete, or how information responsive to that interrogatory is clearly from sources within
12 Defendant's control. Despite Plaintiff's failure to individually address the deficiencies in
13 Defendant's responses, in the interest of time and economy, the Court will address Plaintiff's motion
14 to compel with respect to Interrogatories No. 3, 5, 6, 7, and 10.

15       The Court further notes that there is some controversy over Plaintiff's mistaken references
16 to Kern Valley State Prison ("KVSP") in his interrogatories because the allegations in Plaintiff's
17 complaint took place at North Kern State Prison ("NKSP"). In his reply, Plaintiff claims that it was
18 a "simple clerical error." Plaintiff also argues that he is not an attorney and cannot be held to the
19 standards of an attorney.

20       It appears that, for the most part, Defendant has responded to Plaintiff's interrogatories as
21 if they referred to NKSP as opposed to KVSP. Plaintiff has not specifically identified any
22 interrogatory where Defendant responded to Plaintiff's interrogatory by literally interpreting the
23 interrogatory as referencing KVSP. In the interest of time and economy, any further reference to
24 KVSP will be treated as if it referred to NKSP. Defendant will also be ordered to interpret any
25 reference to KVSP as a reference to NKSP, to the extent that Defendant is ordered to provide
26 additional responses to Plaintiff's interrogatories.
27 ///
28 ///

1.  **Interrogatory No. 3**

Plaintiff's Interrogatory No. 3 states:

> Were you assigned post in KVSP Reception Center A5 housing unit during the times the U.S. Mail correspondence were sent to Plaintiff as verified by attached <u>Exhibit A Herein</u>.

Defendant's response states:

> Defendant objects on the grounds that this interrogatory is vague and ambiguous, and requires speculation as to the meaning of the phrases "[w]ere you assigned post in KVSP Reception Center A5 housing unit" and "the times the U.S. Mail correspondence were sent to Plaintiff as verified by attached <u>Exhibit A Herein</u>." Defendant further objects that the date-stamped postmark on the copies of correspondence attached as Exhibit A to Plaintiff's interrogatories is illegible on all except one of the letters. Subject to and without waiving these objections, Defendant responds as follows: Defendant Vasquez was assigned to the housing unit where Plaintiff was incarcerated in July 2004.

Plaintiff's interrogatory is indeed vague and ambiguous. The interrogatory asks Defendant Vasquez whether he was assigned to the KVSP (NKSP) Reception Center A5 housing unit during the times the "U.S. Mail correspondence were sent to Plaintiff." It is unclear to what "times" Plaintiff is referring and to what U.S. Mail correspondence Plaintiff is referring. The phrase "as verified by attached Exhibit A Herein" fails to clarify matters. The phrase may be interpreted as meaning that the attached exhibit somehow verifies that Vasquez was working at the KVSP (NKSP) Reception Center during the times the U.S. Mail correspondence were sent. However, Plaintiff has not attached Exhibit A to his motion and has not otherwise identified it in his motion.

Defendant's objection indicates that Exhibit A consisted of correspondences with date-stamped postmarks. Defendant then interprets Plaintiff's interrogatory as asking whether Vasquez was working in the KVSP (NKSP) Reception Center A5 housing unit on the dates stamped on the correspondences, which the Court finds to be a reasonable interpretation of Plaintiff's unartfully phrased interrogatory. Defendant then objects to the fact that date stamps were illegible on all but one of the correspondences. Defendant then answered Plaintiff's interrogatory by stating that Vasquez was assigned to the housing unit where Plaintiff was incarcerated in July 2004.

Plaintiff fails to persuasively demonstrate that Defendant's response was inadequate. Given

3

the lack of clarity in Plaintiff's interrogatory, the Court finds that Defendant's response was reasonable. It is unclear whether Defendant's interpretation of Plaintiff's interrogatory is correct, and Plaintiff has made no effort to clarify matters by explaining why Defendant's response is inadequate. Instead of referring to illegible exhibits when asking whether Defendant was working during the times the correspondences were sent, Plaintiff could have simply written out the dates in question. It is unduly burdensome and harassing to needlessly refer to an attached exhibit when a straightforward inquiry regarding whether the person was working on a particular date would suffice. The Court finds that Defendant's response to Plaintiff's Interrogatory No. 3 is sufficient in light of the lack of clarity Plaintiff's question.

**2. <u>Interrogatory No. 5</u>**

Plaintiff's Interrogatory No. 5 states:

> If Plaintiff was housed at KVSP Reception Center in unit A5 cell 102L and U.S. Mail was being routed to Plaintiff at this specific cell location, please explain why instead of Plaintiff receiving this mail, such was being again rerouted by the 'PBSP' abbreviation.

Defendant's response states:

> Defendant objects that this interrogatory impermissibly assumes facts. Defendant objects on the grounds that this interrogatory is vague and ambiguous, and requires speculation as to the meaning of the phrase "was being again rerouted by the 'PBSP' abbreviation." Defendant objects on the grounds that this interrogatory is overbroad as to time, is an incomplete hypothetical, calls for speculation, seeks information that is not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendant responds as follows: Defendant has no personal knowledge of whether Plaintiff's mail was re-routed, or the reason for any such re-routing.

Plaintiff's interrogatory appears to ask Defendant Vasquez why Plaintiff's mail was being re-routed. Defendant's response is that he has no personal knowledge of whether Plaintiff's mail was re-routed or the reasons for any such re-routing. Defendant's response is inadequate. Responses to interrogatories are not limited to subjects within Defendant's personal knowledge. Defendant is also obligated to provide any information responsive to Plaintiff's interrogatory that is readily available to Defendant. <u>See</u> <u>Fresenius Medical Care Holding Inc. v. Baxter International, Inc.</u>, 224 F.R.D. 644, 651 (N.D. Cal. 2004) ("When responding to interrogatories, a party has a duty to

respond with all the information under its custody and control.") Based on Defendant's limited response, it is unclear whether information responsive to Plaintiff's interrogatory is readily available to him from sources within his control. The Court will order Defendant to answer Plaintiff's interrogatory using any information readily available to Defendant Vasquez, such as any information known by other employees at KVSP (NKSP), or any information contained in files maintained at KVSP (NKSP) or otherwise available to Defendant. If Defendant is unable to provide further information responsive to Plaintiff's interrogatory after consulting sources readily available to Defendant, Defendant shall provide details regarding his efforts to consult the sources described by the Court. Defendant's answer to Plaintiff's interrogatory shall be served within thirty (30) days of the date of service of this order.

### 3. Interrogatory No. 6

Plaintiff's Interrogatory No. 6 states:

> Was the visitors form (CDC-106) noted on correspondence from 'Williams' to Plaintiff attached <u>at Exhibit A Herein</u>, processed at KVSP or 'PBSP' around July 1, 2004, as also noted on this same correspondence.

Defendant's answer states:

> Defendant objections[sic] that this interrogatory is vague and ambiguous, and calls for speculation as to "Was the visitors form (CDC-106) noted on correspondence from 'Williams' to Plaintiff attached <u>at Exhibit A Herein</u>, processed at KVSP or 'PBSP' around July 1, 2004, as also noted on this same correspondence." Further, no CDC-106 visitors form is attached. Defendant further objections[sic] that this interrogatory is overbroad, and seeks evidence that is not relevant and not calculated to lead to the discovery of admissible evidence. Defendant further objects that this interrogatory calls for speculations. Subject to, and without waiving these objections, Defendant responds as follows: Defendant has no personal knowledge as to where the referenced CDC-106 visitors form, or Plaintiff's correspondence, was processed.

Plaintiff's interrogatory appears to ask whether a particular visitors form, or CDC-106, was processed at KVSP (NKSP) or PBSP. Defendant claims he has no personal knowledge of where the CDC-106 form was processed. Defendant will be required to provide a further response to Plaintiff's interrogatory that indicates whether or not information responsive to Plaintiff's interrogatory can be found in sources readily available to Defendant but outside his personal

5

knowledge.

**4.     Interrogatory No. 7**

Plaintiff's Interrogatory No. 7 states:

> Was money order sent by Lamont D. McQueen of twenty dollars to Plaintiff as noted by correspondence attached <u>at Exhibit A Herein</u>, processed at KVSP or at the 'PBSP' institution noted on this same correspondence.

Defendant's response states:

> Defendant objections[sic] that this interrogatory is vague and ambiguous, and calls for speculation as to "[w]as money order sent by Lamont D. McQueen of twenty dollars to Plaintiff as noted by correspondence attached <u>at Exhibit A Herein</u>, processed at KVSP or at the 'PBSP' institution noted on this same correspondence." Defendant further objects that this interrogatory is overbroad, and seeks information that is not relevant and not calculated to lead to the discovery of admissible evidence. Defendant further objects that this interrogatory calls for speculation. Subject to and without waiving these objections, Defendant responds as follows: Defendant has no personal knowledge as to where the purported money order was processed.

Plaintiff's interrogatory appears to ask whether a particular money order sent from Lamont D. McQueen to Plaintiff was processed at KVSP (NKSP) or at PBSP. Defendant states that he has no personal knowledge regarding where the money order was processed. Defendant will be required to provide a further response to Plaintiff's interrogatory that indicates whether or not information responsive to Plaintiff's interrogatory is contained in sources readily available to Defendant even if it is outside his personal knowledge.

**5.     Interrogatory No. 10**

Plaintiff's Interrogatory No. 10 states:

> If you deny tampering with any of Plaintiff's mail as attached at <u>Exhibit A Herein</u> then explain with logic how Plaintiff's mail was being withheld and rerouted to 'PBSP.'

Defendant's response states:

> Defendant objects that this interrogatory is vague and ambiguous and calls for speculation as to the meaning of the phrase "explain with logic," and impermissibly assumes facts. Defendant objects on the grounds that this interrogatory calls for speculation. Subject to and without waiving these objections, Defendant responds as follows:

6

> Defendant has no personal knowledge of whether Plaintiff's mail was withheld or re-routed, and if so, the reason for any such withhold or re-routing.

Plaintiff's interrogatory appears to ask why his mail was being withheld and rerouted to PBSP. Defendant contends that he has no personal knowledge regarding whether Plaintiff's mail was withheld or re-routed, or why it would have been withheld or re-routed. Defendant will be required to provide a further response to Plaintiff's interrogatory that indicates whether or not information responsive to Plaintiff's interrogatory is contained in sources readily available to Defendant even if it is outside his personal knowledge. Defendant should refer to any sources of information readily available to him to determine whether or not Plaintiff's mail was re-routed, and if so, why it was re-routed.

**B.    Plaintiff's Motion to Compel Production of Documents**

Plaintiff's Motion to Compel Production of Documents requests that the Court compel Defendant Vasquez to produce further responses to Plaintiff's request for production of documents. Plaintiff generally complains that Defendant's responses were deficient because Defendant objected on the grounds that the requested documents were not within his possession, custody or control. Plaintiff's sole argument in challenging Defendant's responses were that "the requested documents may very well be in the possession of agents, employees, and all other persons acting in concert with Defendant Vasquez. . . ."

Plaintiff's Motion to Compel Production of Documents will be denied. As with Plaintiff's Motion to Compel Discovery, Plaintiff has failed to demonstrate how Defendant's objections to Plaintiff's production requests were unjustified. Plaintiff does not address each production request individually and does not explain why Defendant's objections to each request were unjustified. Plaintiff provides only a blanket assertion that Defendant "may" have possession of the documents at issue. Plaintiff provides no evidence in support of his assertion. He does not identify any specific documents alleged to be in Defendant's possession. The Court will not compel Defendant to produce documents when Plaintiff has failed to identify what the documents are, establish that they even exist, and has offered nothing that shows that the documents are in Defendant's possession, custody, or control. Plaintiff may not rebut Defendant's objection by simply offering an unsupported

1   assertion that Defendant is lying.

2         The Court finds that Defendant's response to Plaintiff's document production requests is
3   sufficient.  Defendant has asserted that he does not have possession, custody, or control of any
4   documents that are responsive to Plaintiff's requests.  Defendant is thus bound by his assertion and
5   may be subject to sanctions if it later revealed that Defendant does, in fact, have possession, custody,
6   or control of documents responsive to Plaintiff's request.  Defendant is forewarned that documents
7   within his "possession, custody or control" includes documents that Defendant has a legal right to
8   obtain on demand.  U.S. v. International Union of Petroleum and Industrial Workers, AFL-CIO, 870
9   F.2d 1450, 1452 (9th Cir. 1989) (citing Searock v. Stripling, 734 F.2d 650, 653 (11th Cir. 1984)).
10  A party responding to a document production request is under an affirmative duty to seek
11  information reasonably available to the party.  Hill v. Eddie Bauer, 242 F.R.D. 556, 560 (C.D. Cal.
12  2007) (quoting Gray v. Faulkner, 148 F.R.D. 220, 223 (N.D. Ind. 1992); A. Farber & Partners, Inc.
13  v. Garber, 234 F.R.D. 186, 189 (C.D. Cal. 2006)).  "A party may be ordered to produce a document
14  in the possession of a non-party entity if that party has a legal right to obtain the document or has
15  control over the entity who is in possession of the document." Soto v. City of Concord, 162 F.R.D.
16  603, 619 (N.D. Cal. 1995) (citing Buckley v. Vidal, 50 F.R.D. 271, 274 (S.D.N.Y. 1970)).
17  Defendant is obligated to disclose information regarding any documents responsive to Plaintiff's
18  request that are within Defendant's possession, custody, and control, which includes documents that
19  are in the possession of the California Department of Corrections and Rehabilitation and that
20  Defendant can easily obtain.  Defendant is obligated to supplement his response if he discovers
21  documents that are responsive to Plaintiff's request.  See Federal Rule of Civil Procedure 37(c).

22        Defendant also objects to Plaintiff's requests on the grounds that, to the extent that Plaintiff
23  was requesting attorney work product, Plaintiff is not entitled to discovery of information that is
24  protected by the attorney-client privilege.  Navajo Nation v. Confederated Tribes and Bands of the
25  Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003).  Federal Rule of Civil Procedure
26  26(b)(3)(A) provides "[o]rdinarily, a party may not discover documents and tangible things that are
27  prepared in anticipation of litigation or for trial by or for another party or its representative (including
28  the other party's attorney, consultant, surety, indemnitor, insurer, or agent)."  Plaintiff is only entitled

to the discovery of attorney work product if he "has substantial need for the materials to prepare [his] case and cannot, without undue hardship, obtain their substantial equivalent by other means." Federal Rule of Civil Procedure 26(b)(3)(A)(ii).

Plaintiff has not identified any specific attorney work product that is responsive to his discovery request. Defendant's responded to Plaintiff's vague requests for documents by stating that Defendant does not have possession, custody, or control of any responsive documents, the documents do not exist, or the responsive documents are protected by the attorney client privilege. Plaintiff has offered nothing in his motion to compel that rebuts any of these objections other than his own speculation that the documents "may" exist and that Defendant should produce them. The Court will not grant Plaintiff's motion to compel based on mere speculation. Plaintiff has not shown a substantial need for documents protected by the attorney client privilege, demonstrated by the fact that Plaintiff has not identified any specific document, identified its contents, or presented any argument as to why Plaintiff would be unable to obtain their substantial equivalent by other means. The Court notes that the legal citations provided by Plaintiff pertain to governmental privilege, not the attorney-client privilege.

Plaintiff argues that Defendant has not "properly" invoked the attorney client privilege because Defendant failed to produce "a declaration or affidavit from a responsible official at the time of serving its response." Under Federal Rule of Civil Procedure 26(b)(5)(A), a party is required to "describe the nature of the documents, communications, or tangible things not produced or disclosed–and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Defendant stated that "to the extent Plaintiff seeks documents that are attorney-client privileged," Plaintiff is not entitled to discovery of those documents. It is unclear whether Defendant actually has documents that are responsive to Plaintiff's requests, but are protected by the attorney-client privilege. Plaintiff's document requests are vague and confusing, and the Court assumes that Defendant raised the objection merely to ensure that the objection is not waived. Defendant has claimed that he does not have possession, custody, or control of any responsive documents, which is a sufficient response to Plaintiff's request. To the extent that Defendant does have possession, custody, or control of documents that are responsive to Plaintiff's

discovery requests but those documents are privileged, Defendant is obligated to supplement his response by providing a privilege log as required by Federal Rule of Civil Procedure 26(b)(5)(A).

### C. Sanctions

Both parties have requested sanctions. Plaintiff requests sanctions in both his motions to compel because Defendant's responses to his discovery requests were evasive or incomplete. Aside from improperly limiting his interrogatory responses to information within Defendant's personal knowledge, Defendant has reasonably responded to Plaintiff's discovery request and there is no indication that Defendant has acted in bad faith.

Defendant also requests that Plaintiff be sanctioned by awarding Defendant reimbursement of the reasonable expenses incurred in opposing Plaintiff's motions to compel. While Plaintiff's motions to compel do suffer from a number of substantial defects, the Court finds that sanctions are not appropriate where there is no evidence of bad faith or harassment and the deficiencies in Plaintiff's motion are attributable to his pro se status and limited legal expertise. Accordingly, both Plaintiff and Defendant's requests for sanctions will be denied.

### II. Conclusion and Order

Based on the foregoing reasons, it is HEREBY ORDERED that:

1. Plaintiff's Motion to Compel Discovery is PARTIALLY GRANTED and Defendant is ordered to serve Plaintiff with further responses to Interrogatories No. 5, 6, 7, and 10. Defendant shall serve his responses on Plaintiff within thirty (30) days of the date of service of this order;

2. Plaintiff's Motion to Compel Production of Documents is DENIED;

3. Plaintiff's requests for sanctions is DENIED; and

4. Defendant's request for sanctions is DENIED.

IT IS SO ORDERED.

**Dated:   June 15, 2010**                               /s/ Sheila K. Oberto
                                                         UNITED STATES MAGISTRATE JUDGE