# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WESLEY WILLIAMS, | CASE NO. 1:06-cv-01535-SKO PC |
| Plaintiff, | ORDER RE MOTIONS |
| v. | (Docs. 60, 61, 62, 65) |
| JUAN D. THORNTON, et al., | |
| Defendants. | |

Plaintiff John Wesley Williams ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Before the Court are four motions. On April 22, 2010, Plaintiff filed a motion requesting the appointment of a handwriting expert on Plaintiff's behalf, without prepayment of cost. (Doc. #60.) On April 30, 2010, Plaintiff filed a motion requesting leave to file a third amended complaint. (Doc. #61.) On May 4, 2010, Plaintiff filed a motion to compel. (Doc. #62.) On May 28, 2010, Defendant filed a motion requesting a fifteen (15) day extension of time to respond to Plaintiff's discovery requests. (Doc. #65.)

**I.   Discussion**

**A.   Plaintiff's Motion for a Handwriting Expert**

Plaintiff requests that the Court appoint a handwriting expert on Plaintiff's behalf without the prepayment of costs. Plaintiff argues that he has limited ability to seek the services of a handwriting expert on his own due to his indigent and incarcerated status. Plaintiff contends that a handwriting expert is necessary because of a factual dispute over whether Defendant Vasquez is

1

the author of certain symbols written on certain correspondences related to the allegations in Plaintiff's complaint.

Plaintiff cites <u>Corenevsky v. Superior Court</u>, 36 Cal. 3d 307 (1984), in support of his argument that this Court should appoint the services of a handwriting expert on his behalf. <u>Corenevsky</u> is inapposite as it dealt with the right of an indigent criminal defendant to certain court-ordered defense services at the state or county's expense. The <u>Corenevsky</u> Court relied on California Penal Code §§ 987.2 and 987.9 in support of the proposition that indigent defendants are entitled to the payment of certain defense services from state or county funds.

Here, Plaintiff is not a criminal defendant, and has not cited to any statute or case authority that states he is entitled to the services of a court-appointed handwriting expert in his civil lawsuit. See <u>Tedder v. Odel</u>, 890 F.2d 210, 211-12 (9th Cir. 1989) ("The Supreme Court has declared that 'the expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress....'"). Accordingly, Plaintiff's request for the appointment of a handwriting expert, without the prepayment of costs, will be denied.

**B.     Plaintiff's Motion for Leave to File a Third Amended Complaint**

Plaintiff requests leave to file a third amended complaint. Under Federal Rule of Civil Procedure 15(a)(2), Plaintiff may only amend his complaint with Defendant's written consent or with leave of court. Plaintiff does not have Defendant's written consent to amend his complaint. Although the Court "should freely give leave when justice so requires," Plaintiff has not raised any arguments justifying leave to amend. Federal Rule of Civil Procedure 15(a)(2). Specifically, Plaintiff does not explain why the claims he is attempting to raise in his third amended complaint were not raised earlier, such as before Defendant answered Plaintiff's second amended complaint. Further, instead of explaining to the Court why Plaintiff should be granted leave to amend, Plaintiff simply filed his third amended complaint along with his motion requesting leave to amend.

The Court will not read through Plaintiff's third amended complaint to determine whether leave to amend is warranted. It is Plaintiff's burden to inform the Court of the grounds that justify leave to amend. Further, the Court will not grant leave to amend in the absence of some demonstration that "justice so requires" that the Court grant leave to amend, particularly when

1 Plaintiff waited so long before requesting leave to amend.  Defendant has answered Plaintiff's
2 second amended complaint and the parties are in the midst of conducting discovery based on the
3 allegations set forth in Plaintiff's second amended complaint.  Granting leave to amend at this
4 juncture would prejudice Defendant as it would require Defendant to go through the time and
5 expense of again answering and conducting discovery based on the allegations in Plaintiff's third
6 amended complaint.  Although Plaintiff filed his request for leave to amend before the Court's
7 deadline for amending the pleadings, the deadline set in the Court's discovery/scheduling order does
8 not eliminate Plaintiff's obligation to justify his request for leave to amend.  Accordingly, Plaintiff's
9 request for leave to amend will be denied.

### C. **Plaintiff's Motion to Compel**

Plaintiff filed a motion to compel requesting the Court to compel Defendant to produce the documents that Plaintiff requested in his second set of document production requests.  Plaintiff argues that Defendant's response to Request for Production No. 2 was evasive and incomplete.

Request for Production No. 2 requests:

> All documents which would mention, discuss, or verify NKSP U.S. Mail re'routing[sic] policy during the time the deprivations are claimed in this lawsuit.

(Mot. to Compel Response to Request for Production of Documents; Mem. of P. & A. in Supp. Thereof Ex. A, at 2, ECF No. 62.)

Defendant's response states:

> Defendant objects on the grounds that this request is vague and ambiguous, and requires speculation as to the meaning of the phrases "NKSP U.S. Mail re'routing policy" and "during the time the deprivations are claimed in this lawsuit." Defendant further objects that this interrogatory impermissibly assumes facts.  Subject to and without waiving these objections, Defendant has no responsive documents in his possession, custody, or control.

(Mot. to Compel Response to Request for Production of Documents; Mem. of P. & A. in Supp. Thereof Ex. A, at 2, ECF No. 62.)

Defendant filed an opposition to Plaintiff's motion to compel.  Defendant argues that he attempted to obtain documents responsive to Plaintiff's request.  Specifically, Defendant's counsel attempted to obtain documents pertaining to any policies concerning the re-routing of inmate mail

3

that was in effect in June and July 2004. (Opp'n to Pl.'s Mot. to Compel Further Responses to Pl.'s Second Request for Production of Documents [CD 62]; Supporting Decl. of Counsel 3:10-13.) Defendant's counsel was informed that such policies "would be in the institution's operational procedures, which are retained for only three years, and that no responsive documents exist." (Opp'n to Mot. to Compel 3:13-15.)

Plaintiff requested copies of policies that were in effect during the time of the events described in Plaintiff's complaint. Defendant's counsel attempted to obtain copies of those policies and was told they do not exist because the copies are only retained for three (3) years and more than three (3) years have passed since the events described in Plaintiff's complaint. The Court is satisfied with Defendant's response. Defendant has demonstrated that he does not have possession, custody, or control of the documents requested by Plaintiff. Thus, Plaintiff's motion to compel will be denied.

### D. Defendant's Motion for Extension of Time

Defendant requests an extension of time to respond to Plaintiff's third set of interrogatories and requests for production. Defendant's request was filed on May 28, 2010 and requested an extension up to and including June 15, 2010. Defendant requests an extension due to scheduling difficulties between Defendant and Defendant's counsel. Plaintiff has not opposed Defendant's request.

Good cause having been shown, the Court will grant Defendant's request for extension of time. If Defendant has not yet served his responses to Plaintiff's discovery requests, Defendant is ordered to serve his responses within seven (7) days of the date of service of this order.

## II. Conclusion and Order

The Court finds that Plaintiff is not entitled to the court-appointed services of a handwriting expert. The Court further finds that leave to amend is not justified because Plaintiff has offered no argument in support of his request for leave to file a third amended complaint. The Court also finds that Plaintiff is not entitled to an order compelling further response from Defendant because Defendant's response to Plaintiff's document production request was sufficient. Finally, the Court will grant Defendant's request for an extension of time to respond to Plaintiff's discovery requests.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion requesting the appointment of a hand writing expert, filed on April 14, 2010, is DENIED;
2. Plaintiff's motion requesting leave to file a third amended complaint, filed on April 30, 2010, is DENIED;
3. Plaintiff's motion to compel, filed on May 4, 2010, is DENIED; and
4. Defendant's motion for extension of time, filed on May 28, 2010 is GRANTED. To the extent that Defendant has not yet served his responses to Plaintiff's discovery requests, Defendant is ordered to serve those responses within seven (7) days of the date of service of this order.

IT IS SO ORDERED.

**Dated:    June 26, 2010**                          /s/ Sheila K. Oberto
                                                UNITED STATES MAGISTRATE JUDGE