# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WESLEY WILLIAMS, | CASE NO. 1:06-cv-01535-SKO PC |
| Plaintiff, | ORDER GRANTING MOTION TO COMPEL |
| v. | (Doc. 71) |
| JEANNE WOODFORD, et al., | |
| Defendants. | |

Plaintiff John Wesley Williams ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On August 4, 2010, Defendant T. Vasquez ("Defendant") filed a motion to compel Plaintiff to provide further responses to Defendant's interrogatories and requests for production of documents. (Doc. #71.) Plaintiff filed an opposition to Defendant's motion to compel on August 30, 2010. (Doc. #75.) Defendant filed a reply to Plaintiff's opposition on September 7, 2010. (Doc. #76.)

**I.  Discussion**

    **A.  Defendant's Interrogatories**

Defendant propounded a set of eighteen (18) interrogatories on Plaintiff on June 14, 2010. (Notice of Mot. and Mot. to Compel Pl. to Respond to Discovery; Supporting Decl. of Counsel Ex. A, ECF No. 71.) Defendant argues that Plaintiff's responses to Interrogatories 8, 9, and 14-18 are deficient.

///

///

1. **Interrogatories 8 and 9**

Defendant's Interrogatory 8 states:

> If your response to Request for Admission 10 was other than an unqualified admission, please state each and every fact upon which you denied the request for admission.

Plaintiff's response states:

> Objection based on burdensome, oppressive and non relevance. Request is also frivolous and creates argument and dispute.

Defendant's Interrogatory 9 states:

> If your response to Request for Admission 11 was other than an unqualified admission, please state each and every fact upon which you denied the request for admission.

Plaintiff's response states:

> Objection based on burdensome, oppressive, and non-relevance. Request is also frivolous and creates argument and dispute.

The requests for admission referenced in Defendant's interrogatories requested Plaintiff to admit that "the July 31, 2004 search of your cell had no affect on your willingness to file administrative grievances" and "that the July 31, 2004 search of your cell had no affect on your willingness to file lawsuits." (Mot. to Compel Ex. A, ECF No. 71.) Defendant's interrogatories ask Plaintiff to clarify the grounds upon which he denied those requests for admission. In other words, Defendant is asking Plaintiff to set forth the facts that support Plaintiff's contention that the July 31, 2004, cell search affected Plaintiff's willingness to file administrative grievances and lawsuits.

Plaintiff claims that Defendant retaliated against Plaintiff's exercise of his First Amendment rights by conducting a retaliatory cell search. One of the elements of a claim for retaliation is that Defendant's actions chilled Plaintiff's exercise of his First Amendment rights. Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). Defendant is asking Plaintiff how the cell search chilled Plaintiff's exercise of his First Amendment rights. Interrogatories 8 and 9 are not burdensome, are not oppressive, and are relevant. The interrogatories are not frivolous. It is unclear what Plaintiff means by his objection that the interrogatories "create[] argument and dispute." The Court finds that

///

Plaintiff's objections are not well founded and will order Plaintiff to provide further responses to Interrogatories 8 and 9.

### 2. Interrogatories 14 through 18

Defendant's Interrogatory 14 states:

> Describe in detail how you calculated the $10,000 in compensatory damages you seek in paragraph 74 of your First Amended Complaint.

Defendant's Interrogatory 15 states:

> Describe in detail how you calculated the $10,000 in exemplary damages you seek in paragraph 75 of your First Amended Complaint.

Defendant's Interrogatory 16 states:

> Describe in detail how you calculated the $10,000 in punitive damages you seek in paragraph 76 of your First Amended Complaint.

Defendant's Interrogatory 17 states:

> Describe in detail how you calculated the $10,000 in prospective damages you seek in paragraph 77 of your First Amended Complaint.

Defendant's Interrogatory 18 states:

> Describe in detail how you calculated the $10,000 in special damages you seek in paragraph 78 of your First Amended Complaint.

Plaintiff responded that he is "a layman and unable to properly mitigate damages and therefore settle for 2,500 dollars."[1] (Mot. to Compel 4:14-16, ECF No. 71.)

Presumably, Plaintiff does not know the proper definition of "mitigate" because the fact that Plaintiff is unable to "properly mitigate damages" is irrelevant for the purposes of responding to Defendant's inquiry. The fact that Plaintiff is willing to settle for $2,500 is also not responsive to Defendant's interrogatories.

The Court can speculate that Plaintiff intended to convey that he is unable to properly

---

[1] Defendant did not attach a copy of Plaintiff's responses to these interrogatories. The quoted response is taken from the body of Defendant's motion. Although Defendant did attach some of Plaintiff's responses to the interrogatories as an exhibit to his motion, the exhibit only consists of Plaintiff's responses to interrogatories 1 through 12. The remaining responses appear to have been mistakenly omitted.

calculate damages and that the $10,000 damage amount is an estimate of the damages to which Plaintiff believes he is entitled. However, the Court cannot rely on speculation to determine what Plaintiff intended to convey and will order Plaintiff to provide further responses to Defendant's interrogatories.

### B. Defendant's Requests for Production of Documents

Defendant propounded a set of seven (7) document production requests on Plaintiff on June 14, 2010. (Mot. to Compel Ex. A, ECF No. 71.) Defendant argues that Plaintiff's responses to requests 1, 3, and 7 were deficient.

#### 1. Request for Production 1

Defendant's Request for Production 1 states:

> Produce all documents that support your contention at paragraph 26 of your First Amended Complaint that Defendant Vasquez's July 31, 2004, search of your cell was motivated by your protected conduct.

Plaintiff's response states:

> Plaintiff objects to this request because it is burdensome and request documents already in the possession of defendant. Discovery is still ongoing and not yet complete.

Plaintiff objects to Defendant's request because Defendant already possesses the documents that are being requested. Under Federal Rule of Civil Procedure 26(b)(2)(C), the Court "must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the discovery sought . . . can be obtained from some other source that is more convenient, less burdensome, or less expensive."

If the documents responsive to the request are already in Defendant's possession, the Court will not compel Plaintiff to produce them because Defendant can obtain the documents from a source that is more convenient, less burdensome, and less expensive. However, the Court will require Plaintiff to at least identify the documents that are in his possession, custody, or control that are responsive to the request so Defendant can accurately determine whether he does, in fact, have possession of those same documents. The Court will, therefore, order Plaintiff to provide a further response to Request for Product 1 that specifically identifies each document that Plaintiff has in his

///

4

possession, custody, or control that Plaintiff contends that he should not have to produce because Defendant already has possession of them.

Plaintiff must identify each document with sufficient specificity to enable Defendant to determine whether he, in fact, possesses the document. Plaintiff must identify each document that is responsive to Defendant's request by providing all the information necessary to enable Defendant to confirm whether he already possesses it, such as the name of the document, the date it was issued, the author of the document, and a brief description of its contents.

Plaintiff must produce any documents he has identified that are not in the possession of Defendant. Plaintiff is advised that if his contention that Defendant already has possession of the document is not well-founded, the Court may impose sanctions on Plaintiff for failing to produce the documents. If there are no documents in Plaintiff's possession, custody, or control that are responsive to Defendant's request that Defendant does not already possess, Plaintiff must explicitly state that he has no other documents in his possession, custody, or control.

Plaintiff is advised that the fact that "discovery is still ongoing and not yet complete" is not an appropriate objection to a discovery request. Plaintiff must respond to all discovery requests with any information or documents that are within his possession, custody, or control at the time he responds to the request. Further, Federal Rule of Civil Procedure 26(e) imposes an ongoing duty to supplement all discovery responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Thus, if Plaintiff discovers any new information or documents responsive to Defendant's requests and that render Plaintiff's previous response incomplete, Plaintiff must notify Defendant of the new information or documents.

Finally, Plaintiff is advised that the failure to disclose the existence of a document that is responsive to Defendant's request may result in the imposition of sanctions. Under Federal Rule of Civil Procedure 37(c)(1), "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Additionally, the Court

"may order payment of the reasonable expenses, including attorney's fees, caused by the failure," "may inform the jury of the party's failure," or "may impose other appropriate sanctions." Federal Rule of Civil Procedure 37(c)(1)(A)-(C). Thus, if it is later determined that Plaintiff failed to disclose the existence of a document that is responsive to Defendant's requests, Plaintiff may be prohibited from relying on that document in a motion for summary judgment or at trial and the Court may sanction Plaintiff for the failure to disclose the document.

### 2. Request for Production 3

Defendant's Request for Production 3 states:

> Produce all documents that support your contention at paragraph 28 of your First Amended Complaint that Defendant's assertion that he found a half-gallon of inmate manufactured alcohol in your cell during the July 31, 2004 search of your cell was untrue.

Plaintiff's response states:

> Plaintiff objects based on requested documents already being in defendant's possession. Plaintiff further contends that Defendant Vasquez did not measure contents to determine that such was half a gallon or verify contents with supervisor to determine such was alcohol.

The Court will order Plaintiff to identify each document that is responsive to Defendant's request in the same manner as set forth for Request for Production 1. See discussion supra Part I.B.1. Plaintiff must identify each document in his possession, custody, or control that is responsive to Defendant's request. Plaintiff is advised that the failure to disclose the existence of a document that is responsive to Defendant's request may result in the imposition of sanctions. See discussion supra Part I.B.1. Plaintiff is further advised that if his contention that Defendant already has possession of the document is not well-founded, the Court may impose sanctions on Plaintiff for failing to produce the documents.

The Court further notes that Plaintiff's contentions regarding Defendant's failure to measure the contents and failure to verify the contents with a supervisor are not responsive to Defendant's request. Defendant requested all documents that support Plaintiff's allegation in paragraph 28 of his first amended complaint that Defendant fabricated a report that a half-gallon of alcohol was found in Plaintiff's cell. Plaintiff must identify each document that supports the allegation in paragraph

6

28 of Plaintiff's first amended complaint. If there are no documents in Plaintiff's possession, custody, or control that are responsive to Defendant's request that Defendant does not already possess, Plaintiff must explicitly state that he has no other documents in his possession, custody, or control.

### 3. Request for Production 7

Defendant's Request for Production 7 states:

> Produce all documents, not responsive to a previous request, that you intend to rely on at trial.

Plaintiff's response states:

> Objection due to discovery being ongoing and not yet complete. Defendant is already in possession of documents relative to this request.

The Court will order Plaintiff to identify each document that is responsive to Defendant's request in the same manner as with Request for Production 1 and 3. See discussion supra Part I.B.1, 2. Plaintiff must identify each document in his possession, custody, or control that is responsive to Defendant's request. Plaintiff's objection based on the fact that discovery is still ongoing is improper for the same reasons discussed with respect to Request for Production 1. See discussion supra Part I.B.1.

Plaintiff must identify each document that Plaintiff intends to rely on at trial that Plaintiff did not disclose in any of Defendant's previous requests. Plaintiff is advised that the failure to disclose the existence of a document that is responsive to Defendant's request may result in the imposition of sanctions. Plaintiff is further advised that if his contention that Defendant already possesses the document is not well-founded, the Court may also impose sanctions on Plaintiff for failing to produce the documents. See discussion supra Part I.B.1. If there are no documents in Plaintiff's possession, custody, or control that are responsive to Defendant's request that Defendant does not already possess, Plaintiff must explicitly state that he has no other documents in his possession, custody, or control.

### C. Plaintiff's Opposition

Plaintiff raises several arguments in his opposition. Plaintiff argues that Defendant did not

notify Plaintiff of any discovery disputes prior to filing his motion to compel. Plaintiff contends that Defendant did not attempt to meet and confer prior to filing the motion to dismiss. However, the Court's December 4, 2009 discovery and scheduling order relieved the parties of the obligation to meet and confer prior to filing a motion to dismiss. (Discovery Order 2:4-7, ECF No. 53.) Accordingly, Defendant's failure to meet and confer is not fatal to his motion to compel.

Plaintiff argues that the discovery issues that are now in dispute are resolved because the questions asked in the interrogatories were also asked during the deposition. The Court will require Plaintiff to respond to Defendant's interrogatories, and notes that Plaintiff has cited no authority that prevents Defendant from propounding an interrogatory that covers an issue that was asked during a deposition. Defendant may use both discovery devices to determine whether Plaintiff's contentions are consistent. Accordingly, the Court will require Plaintiff to provide further responses to Defendant's discovery requests.

## II. **Conclusion and Order**

The Court will order Plaintiff to provide Defendant with further responses to the interrogatories and requests for production of documents in accordance with the guidelines set forth in this order. Plaintiff shall serve these responses within thirty (30) days of the date of service of this order.

Accordingly, Plaintiff is HEREBY ORDERED to provide Defendants with further responses to Interrogatories 8, 9, and 14-18 and Requests for Production 1, 3, and 7.

Plaintiff is forewarned that the failure to provide sufficient responses to Defendant's discovery requests in accordance with this order may result in the imposition of sanctions, which may include the dismissal of Plaintiff's claims.

IT IS SO ORDERED.

**Dated:**    **November 1, 2010**              /s/ Sheila K. Oberto
                                                              UNITED STATES MAGISTRATE JUDGE