# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WESLEY WILLIAMS, | CASE NO. 1:06-cv-01535-SKO PC |
| Plaintiff, | ORDER DENYING MOTIONS |
| v. | (Docs. 69, 70, 78, 81) |
| JEANNE WOODFORD, et al., | |
| Defendants. | |

Plaintiff John Wesley Williams ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Before the Court are four motions from Plaintiff requesting "judicial intervention to access the court." (Docs. #69, 70, 78, 81.) All parties to this action have consented to jurisdiction by U.S. Magistrate Judge. (Docs. #4, 41.)

Plaintiff's July 22, 2010, July 26, 2010, and October 29, 2010 motions request judicial intervention to help Plaintiff obtain his legal property. Plaintiff's November 15, 2010 motion requests judicial intervention to help Plaintiff locate and communicate with inmates who witnessed the events relevant to this lawsuit. Plaintiff's requests will be construed as requests for preliminary injunctions.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief,

1

that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 374 (2008).

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A party seeking a preliminary injunction simply cannot prevail when that motion is unsupported by evidence. With respect to motions for preliminary injunctive relief or a temporary restraining order, the Prison Litigation Reform Act ("PLRA") provides that:

> [i]n any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm.

18 U.S.C. § 3626(a)(2).

Plaintiff's first two motions indicate that his legal and personal property was confiscated in June 2010 when Plaintiff was temporarily transferred to Donovan State Prison to participate in a settlement program. When Plaintiff returned to Kern Valley State Prison, prison officials allegedly refused to release Plaintiff's property. Plaintiff claims that he is unable to litigate this action because he does not have access to his legal property. Plaintiff's third motion indicates that his property was again confiscated when Plaintiff was temporarily transferred to Donovan State Prison in August 2010.

Plaintiff's motions do not contain any discussion of whether Plaintiff is likely to succeed on the merits of this action. His motions contain only a vague discussion of his likelihood of suffering irreparable harm. Plaintiff vaguely asserts that he is unable to litigate this action without his legal property, but fails to persuasively demonstrate why. Plaintiff does not identify any specific deadlines or filings that he is unable to prepare or file and does not identify any materials that were confiscated with his legal property that are necessary to litigate this case. Plaintiff does not set forth any specific arguments regarding whether the balance of equities tips in his favor or whether the relief sought is in the public's interest. Finally, the Court notes that Plaintiff has failed to demonstrate that

injunctive relief is the least intrusive means necessary to prevent harm to Plaintiff. Presumably, Plaintiff can avoid irreparable harm by redrafting his filings, performing further legal research, and requesting extensions of time. The Court notes that Plaintiff has not missed any deadlines since filing his motions for injunctive relief and has failed to persuasively demonstrate that any adverse rulings that occurred in this case could have been prevented if he had access to his legal property.

Plaintiff's fourth motion requests judicial intervention to help Plaintiff locate and communicate with inmate witnesses. Plaintiff fails to identify what he wants the Court to do and it is unclear what the Court can do to assist Plaintiff with locating inmate witnesses and facilitating communication between Plaintiff and those witnesses. Plaintiff claims that he is unable to locate the witnesses "because of Plaintiff's indigent status, resources are limited, and prison officials assigned as correctional counselors for Plaintiff refuse to assist without order from a court." (Mot. and Request for Judicial Intervention in Order to Communicate with Incarcerated Inmate Witnesses 2, ECF No. 81.) Plaintiff fails to set forth any arguments why prison officials are obligated to help Plaintiff locate witnesses. The case cited by Plaintiff, <u>Valandingham v. Bojorquez</u>, 866 F.2d 1135, 1141-42 (9th Cir. 1989), does not support Plaintiff's position. In <u>Valadingham</u>, the Court allowed a prisoner to proceed on his claim against prison officials for threatening and harassing the prisoner when he was attempting to obtain affidavits from other inmates in support of his lawsuit. Nothing in <u>Valadingham</u> suggests that prison officials have an affirmative duty to assist prisoner-litigants by helping them locate potential witnesses.

Finally, the Court notes that the only defendant in this lawsuit is T. Vasquez, a correctional officer who worked at North Kern State Prison. Plaintiff's motions seek to enjoin persons who are not parties to this action. Orders for preliminary injunctive relief can only bind the parties, the parties officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with the aforementioned persons. Federal Rule of Civil Procedure 65(d)(2). Accordingly, Plaintiff cannot obtain injunctive relief in this action against prison officials at Salinas Valley State Prison or Kern Valley State Prison because they cannot be bound by an order granting injunctive relief issued by this Court in this action.

///

1   Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motions are DENIED.

3   IT IS SO ORDERED.

4   **Dated:   February 4, 2011**                     /s/ Sheila K. Oberto
                                                    UNITED STATES MAGISTRATE JUDGE