# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WESLEY WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>JEANNE WOODFORD,<br><br>    Defendants.<br>_____/ | CASE NO. 1:06-cv-01535-SMS PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL<br><br>(ECF No. 87) |

      Plaintiff John Wesley Williams ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the first amended complaint, filed April 21, 2008, against Defendant T. Vasquez for violation of the First Amendment. Defendant filed a motion for summary judgment on December 27, 2010. (ECF No. 83.) On January 19, 2011, Plaintiff filed a motion for an extension of time to file his opposition to the motion for summary judgment, which was granted, because he was attempting to locate inmate witnesses in order to obtain declarations to support his contention that a triable issue exists. (ECF Nos. 84, 85.) On February 7, 2011, the Court issued an order denying Plaintiff's motions for judicial intervention to help Plaintiff obtain his legal property and to communicate with inmates who are potential witnesses in this action. (ECF No. 86.) Plaintiff filed an objection to the order and request for voluntary dismissal of the action on February 25, 2011. (ECF No. 87.)

      Plaintiff moves for voluntary dismissal of this action in order to appeal the order denying his motion to communicate with incarcerated witnesses. Plaintiff contends that he is unable to oppose the motion for summary judgment without the declarations of the inmate witnesses. Although the

1  motion for communication between inmates was denied, the Court will attempt to facilitate limited
2  written communication between Plaintiff and his witnesses.
3       In his motion Plaintiff failed to provide adequate information identifying the inmates he is
4  attempting to locate.  Plaintiff shall provide the Court with the full name and inmate number or date
5  of birth of each inmate he believes has witnessed the events and possesses personal knowledge of
6  the facts relating to this action.  Upon receipt of the information, the Court will attempt to locate the
7  inmates and contact the institution to request that communication be allowed for the limited purpose
8  of allowing Plaintiff to obtain written declarations to be used in this proceeding.  The Court shall
9  grant Plaintiff an extension of time to file an opposition to the motion for summary judgment to
10 allow him to obtain depositions to support his opposition.
11      "[U]nder Rule 41(a)(1)(I), 'a plaintiff has an absolute right to voluntarily dismiss his action
12 prior to service by the defendant of an answer or a motion for summary judgment.'" Commercial
13 Space Mgmt. Co., Inc. v. Boeing Co., Inc., 193 F.3d 1074, 1077 (9th Cir. 1999) (quoting Wilson v.
14 City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997)).  However, in this action Defendant has
15 appeared and the decision to grant dismissal is at the discretion of the court.  Navellier v. Sletten,
16 262 F.3d 923, 938 (9th Cir. 2001).  Since the Court will attempt to facilitate communication with
17 the incarcerated witnesses to provide Plaintiff with the opportunity to obtain declarations to oppose
18 the motion for summary judgment, Plaintiff's motion for voluntary dismissal shall be denied.
19      Accordingly, it is HEREBY ORDERED that:
20      1.  Plaintiff's motion for voluntary dismissal, filed February 25, 2011, is DENIED;
21      2.  Plaintiff shall provide the name and inmate number or date of birth of each inmate
22          he believes has personal knowledge of facts relating to this action **within fifteen**
23          **days** from the date of service of this order; and
24      3.  Plaintiff is granted sixty (60) days from the date of service of this order in which to
25          file an opposition to defendants' motion for summary judgment.
26 IT IS SO ORDERED.
27 **Dated:   March 25, 2011**                /s/ Sandra M. Snyder
                                           UNITED STATES MAGISTRATE JUDGE
28